**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-38-TS |
| | ) | |
| KERRY SANDERS | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's *pro se* Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(2) and Memorandum of Law in Support [DE 41], filed on May 4, 2009. The Defendant seeks the retroactive application of Amendment 706 to the United States Sentencing Guidelines and a two-level reduction of his offense level as well as a reconsideration of the 18 U.S.C. § 3553(a) sentencing factors.

The Defendant was charged on April 25, 2007, in an Indictment with two counts of distributing cocaine base, commonly know as "crack," a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1). The Defendant and the Government entered into a Plea Agreement [DE 29]. On October 4, 2007, the Court conducted a change of plea hearing, and the Defendant pleaded guilty to Count 1, which the Court accepted. On February 15, 2008, the Court accepted the Plea Agreement, dismissed Count 2 on the Government's motion, and found that the career offender provisions of the Sentencing Guidelines (U.S.S.G. §4B1.1) applied to the Defendant. Accordingly, based upon the 2007 edition of the Sentencing Commission Guidelines Manual, the Court calculated the advisory guidelines range as follows: a total offense level of 34; a criminal history category of VI; 262 to 327 months of imprisonment; no eligibility for probation; 3 to 5 years of supervised release (with a statutory minimum of 8 years); a fine of $17,500 to $4,000,000; no restitution; and a $100 special assessment. The Court denied the

Defendant's request for a sentence below the sentencing guidelines and sentenced the Defendant to serve 262 months of imprisonment, which was at the low end of the guidelines range, and 8 years of supervised release, and to pay a $100 special assessment. On February 19, 2008, the Court entered its Judgment [DE 39]. Consistent with the Plea Agreement, the Defendant did not institute and appeal.

More than a year later, on May 4, 2009, the Defendant filed a Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(2) and Memorandum of Law in Support [DE 41]. On May 20, the Government filed its Response [DE 45], arguing that the Defendant is not entitled to any reduction in his sentence based on his request pursuant to 18 U.S.C. § 3582(c)(2) and that the Court is without jurisdiction to affect the Defendant's 2008 sentence.

Section 3582(c) of Title 18, United States Code, is the means by which a district court may modify a legally-imposed sentence, but only in certain enumerated circumstances: (1) upon a motion of the Director of the Bureau of Prisons if special circumstances exist; (2) if expressly permitted by statute or Rule 35 of the Rules of Criminal Procedure; and (3) if a sentencing range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Rule 35 authorizes a district judge to modify a sentence within seven days of its imposition to correct an arithmetical or technical error or, on the prosecutor's motion, to reward substantial assistance rendered after the sentence has been imposed. Neither of the circumstances of Rule 35 pertains to the Defendant.

The Defendant argues that the Court should modify his sentence based upon the third circumstance under § 3582(c) related to the Sentencing Commission's lowering of the sentencing range pertaining to cocaine base (crack cocaine). However, the Court cannot grant the Defendant

any relief on his request for a sentence modification because the Defendant was sentenced under the guidelines for a career offender, not the crack cocaine guidelines.[1] *See United States v. Townsend*, No. 08-2498, 2009 WL 1247269 (7th Cir. May 7, 2009) (per curiam) ("[The defendant was sentenced under the guidelines for a career offender, not the crack-cocaine guidelines. The Commission [in lowering the offense levels for some crack-cocaine offenses] has not lowered his applicable guidelines range, and, therefore, the district court could not lower his sentence.") (citing *United States v. Forman*, 553 F.3d 585, 588–90 (7th Cir. 2009); *United States v. Poole*, 550 F.3d 676, 678 (7th Cir. 2008)). As a consequence, the Sentencing Commission has not lowered the Defendant's applicable guidelines range, and the Court, therefore, cannot modify his sentence because it lacks subject-matter jurisdiction under § 3582(c) to consider his request. Additionally, because the Court lacks jurisdiction to modify the Defendant's sentence under § 3582(c) and because § 3553 does not provide a jurisdictional basis for the Court to modify the Defendant's sentence, the Court likewise does not have authority to re-sentence the Defendant and reconsider § 3553(a) sentencing factors as he requests.

For the foregoing reasons, the Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(2) and Memorandum of Law in Support [DE 41] is DENIED for lack of subject-matter jurisdiction.

SO ORDERED on June 15, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Nevertheless, the Defendant's advisory guidelines range relative to the Defendant's sentence was calculated using the 2007 version of the Sentencing Commission Guidelines Manual, which had incorporated Amendments 706 and 711 that the Defendant references in his Motion.