UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-38-TLS |
| | ) | (CAUSE NO.: 1:17-CV-260-TLS) |
| KERRY SANDERS | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Vacate Under 28 U.S.C. § 2255 [ECF No. 73], and a Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A(a)(2)(B) [ECF No. 74]. Based upon the Defendant's filings, the Court concludes that he is able to represent his interests and denies his Motion for Appointment of Counsel. Because the Defendant filed the Motion to Vacate well outside of § 2255's one-year statute of limitations, and because his claim does not rely on a newly asserted right made retroactively applicable to cases on collateral review, his Motion to Vacate is dismissed.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, district courts must conduct a preliminary review of § 2255 motions. The Rule states in relevant part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." The Defendant's Motion is untimely on its face and does not involve a newly recognized right made retroactively available, and therefore does not withstand Rule 4(b) review.

Section 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

    (1) the date on which the judgment of conviction becomes final;

1

***

> (3) the date on which the right asserted was initially recognized by
> the Supreme Court, if that right has been newly recognized by the
> Supreme Court and made retroactively applicable to cases on
> collateral review[.]

28 U.S.C. § 2255(f). The Defendant was sentenced on February 12, 2008, and judgment was entered on February 19, 2008. The Defendant did not appeal his judgment, so his conviction became final when the deadline for filing a notice of appeal expired. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). The Defendant's Motion was filed more than nine years past the date on which his conviction became final. The Defendant acknowledges this, but maintains that *Mathis v. United States*, 136 S. Ct. 2243 (2016), announced a new rule of law that has been made retroactive. (Mot. ¶ 18, ECF No. 73.)

But even if *Mathis* could satisfy § 2255(f)(3), it has no application to his case.[1] *Mathis* dealt with the analysis of the elements of predicate violent felonies and their generic counterparts under the Armed Career Criminal Act (ACCA). *See Mathis*, 136 S. Ct. at 2251 (reiterating that "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense"); *id.* at 2257 (holding that "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary, Mathis's convictions under that law cannot give rise to an ACCA sentence"). The case had nothing to do with the definition or meanings ascribed to the term "controlled substance offense" that is found in the career offender guidelines of the United States Sentencing Guidelines that were applied to the Defendant to enhance his sentencing range. According to the Defendant's Presentence Investigation Report, the Defendant was designated as a Career Offender based on convictions for dealing cocaine (PSIR ¶ 41), and

---

[1] Additionally, *Mathis* did not announce a new rule that would allow a second or successive habeas motion. *See, e.g.*, *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016).

possession with intent to distribute cocaine base (PSIR ¶ 43). Thus, his offense level and his criminal history category were determined by U.S.S.G. § 4B1.1. (PSIR ¶¶ 46, 80.) The Defendant was not sentenced under the ACCA, nor was his sentence enhanced by a crime of violence.

Although the Defendant has not specifically invoked *Johnson v. United States*, 135 S. Ct. 2551 (2015), as a grounds for relief, the Court notes that counsel was previously appointed to the Defendant to determine whether he was eligible for relief under the Supreme Court's holding in *Johnson*, which struck down as unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii).[2] Counsel determined that, because the Defendant's career offender status was the result of "controlled substance offenses," U.S.S.G. § 4B1.2(b), his sentence was not affected by *Johnson*, and counsel moved to withdraw his appearance. Where a sentence is unaffected by *Johnson* or any other "retroactively applicable" right "newly recognized by the Supreme Court," no fresh window to file a collateral attack exists. 28 U.S.C. § 2255(f)(3); *see also Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). In any event, *Johnson* was decided on June 26, 2015, so the Defendant's June 16, 2017, Motion would not be considered timely even if it fell within the scope of the *Johnson* decision.

Separately, the Defendant argues that his guilty plea is constitutionally invalid and that his counsel was constitutionally ineffective. Although it has been more than nine years since his conviction became final, this is the first time that the Defendant has sought to vacate his

---

[2] Based on the *Johnson* decision, the judges of this Court appointed the Northern District of Indiana Federal Community Defender for the limited purpose of representing those individuals who would qualify for court-appointed counsel and who might be eligible for resentencing consideration based on that case. *General Order 2015-5*, August 7, 2015.

conviction upon these grounds. The Defendant's Motion, filed on June 16, 2017, is thus well outside the one-year statute of limitations.

Equity may toll the limitations period for § 2255 motions. *See United States v. Nolan*, 358 F.3d 480, 484 (7th Cir. 2004). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland. Florida*, 560 U.S. 631, 644–48 (2010). Whether a particular situation justifies equitable tolling is a fact-specific, case-by-case inquiry. *Holland*, 560 U.S. at 653.

The Defendant possessed all the information raised in his § 2255 Motion related to his plea agreement and counsel's effectiveness prior to the expiration of the statute of limitations, yet he has not presented any facts in his Motion from which the Court could conclude that he diligently pursued his rights during the nine years that expired between the final judgment and his collateral attack. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (equitable tolling inapplicable because petitioner "had the burden to demonstrate his own diligence in pursuing his claim, but failed to present any evidence in support of it") (citations omitted). Nor has the Defendant provided any evidence or allegations of any obstacles or extraordinary circumstances beyond his control that prevented him from filing a timely motion. Accordingly, any claim in his § 2255 Motion that his guilty plea is constitutionally invalid or that his counsel was constitutionally ineffective are barred by the one-year statute of limitations.

Finally, because the Court has held that the Defendant's Motion is time-barred and does not involve any rights made retroactive, the appointment of counsel is not necessary. Accordingly, the Court will deny the Defendant's request to appoint counsel.

## NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Because neither *Johnson* nor *Mathis* provides a basis for the relief that the Defendant seeks, he cannot rely on them to file a habeas motion more than nine years after the judgment in his criminal case became final. No reasonable jurist could conclude that the Defendant should be allowed to proceed further, and the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A(a)(2)(B) [ECF No. 74], **DISMISSES**

the Motion to Vacate Under 28 U.S.C. § 2255 [ECF No. 73], and **DECLINES** to issue a Certificate of Appealability.

SO ORDERED on July 5, 2017.

                                          s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT