UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:07-CR-38-HAB |
| | ) | |
| KERRY BRANDON SANDERS | ) | |

**OPINION AND ORDER**

Before the Court is Defendant's *pro se* motion for Early Termination of Supervised Release ("the Motion") (ECF No. 95) filed on September 7, 2022. Upon receipt of the Motion, the Court directed the Probation Office to file a report in response to it and to include in the report the Government's position regarding the Defendant's Motion. (ECF No. 97). Probation filed its report on September 23, 2022. (ECF No. 98). The report specifically noted the Government's objection to the Motion. Although the Court sees significant efforts by the Defendant to take advantage of positive opportunities during the first two years of his supervised release term, the Defendant's Motion is DENIED.

**PROCEDURAL BACKGROUND**

As set forth in the Probation Report, in October 2006, the Defendant pled guilty to one count of distribution of 5 grams or more of cocaine base, crack in exchange for the Government's dismissal of a second count and a minimum guideline recommendation. On August 1, 2008, the defendant received a 262-month term of imprisonment followed by eight years of supervised release, based on a total offense level of 34 and a criminal history category of VI.[1] On March 14, 2019, the Court granted the Defendant's request for a sentence reduction under the First Step Act

---

[1] The presentence investigation report (PSR) prepared in the case revealed that Defendant had prior state convictions for resisting law enforcement and dealing cocaine, as well as a prior 2000 federal charge in Cause No. 1:00-CR-58-1 for possession with intent to distribute crack cocaine. The Defendant was on supervised release for the 2000 charge when he committed the offense in this case.

of 2018, reducing his sentence to 188 months' imprisonment followed by 6 years of supervised release. (ECF No. 90).[2]

The probation report reflects the Defendant had four disciplinary incidents at the Federal Bureau of Prisons (BOP) for minor incidents. He also participated in nearly two dozen programs. Defendant was transferred to the Allen County Work Release Program in January 2019 to assist him in his transition to the community. On September 21, 2020, Defendant was released to supervision.

In November 2020, Defendant completed a substance abuse assessment in which he maintained that he was not addicted to drugs, but instead was a drug distributor. The Defendant attended individual sessions to develop a relapse prevention plan and was successfully terminated from further treatment. He has had no instances of non-compliance with his supervised release conditions, has maintained steady employment with the same employer since January 2020, and has secured and maintained his own residence since September 2021. Both probation and the Government acknowledge that the Defendant has taken significant steps towards positive changes since his release to supervision. However, they both request that supervision continue at this time.

## DISCUSSION

Title 18 of the United States Code, Section 3583(e) governs both early termination and modification of terms of supervised release. The statute provides that a court may, after considering factors set forth in 18 U.S.C. § 3553(a), terminate supervised release early or modify the conditions of it. 18 U.S.C § 3583(e). After considering the § 3553(a) factors, the court may terminate said term if the following conditions are met: (1) the defendant has served at least one

---

[2] Prior to the First Step Act, the Court found the Defendant ineligible for both a reduction in sentence under the 2007 Guideline Crack Cocaine Amendment and the Fair Sentencing Act of 2010 because his guideline range was driven by his career offender status rather than the drug quantity.

year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the pertinent § 3553(a) factors and the defendant's conduct. 18 U.S.C. § 3583(e)(1); *see United States v. O'Hara*, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011).

"Generally, the conduct of a defendant must establish more than simply successfully complying with the terms of his supervision, for if this were simply enough, nearly every defendant who avoided revocation would be eligible for early termination." *United States v. Branscumb*, No. 109CR10023MMMJEH, 2019 WL 6501208, at *3 (C.D. Ill. Nov. 12, 2019), *report and recommendation adopted*, No. 09-10023, 2019 WL 6499067 (C.D. Ill. Dec. 3, 2019); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018) (affirming district court where the court found that the Defendant "at best has merely complied with the terms of supervision"). "Early termination of supervised release under § 3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it" *Id.*; *See, e.g., United States v. Kay*, 283 F. App'x 944, 946–47 (3d Cir. 2008); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *Folks v. United States*, 733 F. Supp. 2d 649, 651–52 (M.D.N.C. 2010); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *United States v. Caruso*, 241 F. Supp. 2d 466, 468–69 (D.N.J. 2003); *United States v. Medina*, 17 F. Supp. 2d 245, 246–47 (S.D.N.Y. 1998). It is, moreover, the defendant who bears the burden of demonstrating that early termination is warranted. *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003).

Having reviewed the Defendant's petition, the Court finds he fails to establish the third factor in the § 3583(e) analysis, *to wit*: that termination of his supervised release is in the interest of justice based on the pertinent § 3553(a) factors and his conduct.

3

Beginning with the nature of the offense conduct, *see* § 3553(a)(1), and the need for the sentence imposed to afford adequate deterrence and protect the public from further crimes, *see* §3553(a)(2), the Defendant has a lengthy drug distribution history going back to 1998. Without doubt, he committed serious drug offenses and did so while on supervised release for yet another federal drug trafficking offense. In the current case, the Defendant, on two occasions, supplied a dealer, Jack Donahue, with crack cocaine and the two of them participated in the distribution of 21.525 grams of crack to an undercover officer. Sadly, in unrelated events, Donahue, overdosed. However, Donahue's death serves as a reminder of the dangerous effect drug distribution has on a community and its residents. Thus, the lengthy supervised release term protects the surrounding community from further drug trafficking crimes while the Defendant is rejoining the community.

But the benefits of supervised release also extend beyond the community at large to the Defendant himself. The continuation of supervised release ensures that the Defendant has received and, if necessary, will continue receiving future drug treatment or intervention that he needs to prevent recidivism. The routine drug testing further assists the Defendant in maintaining a lifestyle free from using drugs.

Finally, the Court notes that the Defendant has served just over two years of a six-year supervised release term. His original supervised release term was eight years, later reduced to six years, as the Defendant received the benefit of the First Step Act. It is evident that the Defendant is making significant progress towards reentry into the community as a productive citizen. He states that he respects his freedom and has a more mature mindset than he did when he entered the BOP. Understandably, he would like to be able to travel with his family or go on outings with them. He notes that aside from continuous employment, he has taken steps to further his education. The Court applauds this progress and encourages the Defendant to continue on this path. The Court

also emphasizes that the Defendant has not been denied travel while on supervision and can receive approval for travel if he meets the required criteria.

In sum, the Defendant has simply not met his burden at this time of showing circumstances that warrant the relief sought and the § 3553(a) factors do not weigh in favor of terminating supervised release. Accordingly, the Defendant's request for early termination of supervised release (ECF No. 95) is DENIED.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion (ECF No. 95) is DENIED.

So ORDERED on October 11, 2022.

                                        s/ *Holly A. Brady*
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT